IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE KEVIN RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:16cv810-WC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.     INTRODUCTION**

Jimmie Kevin Rhodes ("Plaintiff") filed applications for a period of disability and disability insurance benefits and for supplemental security income on May 28, 2013. Both applications alleged disability beginning on December 1, 2011. The applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, and after obtaining additional development of the record, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See*

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 17); Def.'s Consent to Jurisdiction (Doc. 16). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]     A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the onset of his alleged disability, and was forty-six years old at the time of the ALJ's decision. Tr. 30. Plaintiff completed high school. Tr. 30, 52. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since December 1, 2011, his alleged onset date[.]" Tr. 21. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "longstanding ischemic and coronary heart disease, hypertension, hyperlipidemia and type II insulin-dependent diabetes mellitus (IDDM) without serious verifiable secondary complications like diabetic peripheral neuropathy in the extremities or diabetic retinopathy involving the eyes." Tr. 21. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 23. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the hybrid residual functional capacity to perform a sedentary to light level of work . . . [,] except the claimant cannot perform a "full range" of work at either exertional level[.] He is limited to lifting up to twenty pounds occasionally and ten pounds frequently. He is limited to sitting for two hours at a time and for up to six hours or more per day. The claimant is limited to walking for fifteen to thirty minutes at a time and standing for up to one hour at a time. He is limited to standing and walking in combination for about four hours per day, with the opportunity to alternate his position as described above. The claimant must avoid any climbing of ladders, ropes or scaffolds or being around any unprotected heights. He is also only able to work in a climate-controlled setting where extremes of heat and humidity are avoided. He must also avoid unprotected heights and

operating dangerous machinery, which includes industrial equipment. Lastly, he must avoid operating any automobiles or trucks at night.

Tr. 24. At Step Four, having consulted with a VE, the ALJ concluded that Plaintiff is unable to perform his past relevant work as an automotive technician. Tr. 30. However, based upon the testimony of the VE, the ALJ found at Step Five of the sequential analysis that, based upon his age, education, work experience, and RFC, Plaintiff is capable of performing the work demands of jobs existing in significant numbers in the national economy. Tr. 30. The ALJ identified several representative occupations, including "pari-mutuel ticket checker," "ampoule sealer," and "weight tester." Tr. 31. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from December 1, 2011, through the date of this decision[.]" Tr. 31.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents two issues in his "Summary of Issues": a) "The Plaintiff's combination of impairments functionally equaled listing 4.04;" and b) "The Administrative Law Judge's decision is not supported by substantial evidence." Pl.'s Br. (Doc. 13) at 1; *id.* at 5.

## V. DISCUSSION

### A. The ALJ's determination about Listing 4.04.

Plaintiff appears to argue that the ALJ erred because the ALJ "only considered whether [Plaintiff] *met* listing 4.04, and not whether he *equaled* a listing[.]" Doc. 13 at 6 (emphasis in original); *id.* ("However, the administrative law judge never explicitly stated that he was considering the possible functional equality to Listing 4.04 specifically."). As

noted by the ALJ, Listing 4.04, "Ischemic heart disease," "requires chest discomfort associated with myocardial ischemia with: (A) sign or symptom limited exercise test; (B) three separate ischemic episodes or (C) coronary artery disease; and, very serious limitations in the ability to independently initiate, sustain or complete activities of daily living." Tr. 23-24. The ALJ found that the "record contains no medical findings which meet the criteria of this listing." Tr. 24.

As relevant in this matter, Listing 4.04B requires three ischemic episodes requiring revascularization, or that are not amenable to revascularization, within a consecutive period of twelve months. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.04. "Revascularization means angioplasty (with or without stent placement) or bypass surgery . . . . Not amenable means that the revascularization procedure could not be done because of another medical impairment or because the vessel was not suitable for revascularization." 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.00E(9)(f). Plaintiff acknowledges both the Listing's requirement of three separate ischemic episodes and the two ischemic episodes recognized by the ALJ in his review of the medical evidence. Doc. 13 at 6. Lacking the requisite third ischemic episode, Plaintiff asserts that his "uncontrolled diabetes mellitus should factor into this equation, and in fact, should count as functionally equaling a third episode of ischemic activity." *Id.* Plaintiff does not cite any authority for his proposition that diabetes functionally equals an ischemic episode for purposes of Listing 4.04, and the court is not aware of any such authority. Nor does Plaintiff cite any evidence in the medical record tending to show that his ongoing diabetes issues are equivalent in severity to an ischemic

7

episode as such is defined and required by Listing 4.04B. Instead, Plaintiff cites to evidence demonstrating Defendant's struggles to control his diabetes, and specifically notes evidence showing that Defendant's diabetes caused him to feel fatigued. Doc. 13 at 6. However, none of this evidence supports his argument that Plaintiff's ongoing experience of diabetes-related symptoms somehow functionally equals an ischemic episode.

In addition, even if Plaintiff's diabetes could somehow substitute for a third ischemic episode, Plaintiff still would not meet or equal Listing 4.04B. The two ischemic episodes Plaintiff references, in February 2009 and January 2010, both occurred more than twelve months prior to Defendant's alleged onset date of December 1, 2011. Because Listing 4.04B requires three episodes (or, indulging Plaintiff's argument, an impairment serving as a substitute for an episode) occurring in a consecutive twelve-month period, and at least part of that twelve-month period must encompass the period under review by the Commissioner, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.00A(3)(e), Plaintiff cannot show that he functionally equaled Listing 4.04B even under his attenuated argument about functional equivalence due to diabetes.

Plaintiff also appears to briefly argue that the ALJ erred because he did not "define what he meant by 'hybrid functional capacity.'" Doc. 13 at 6-7. For Plaintiff, this makes the ALJ's opinion "suspect, as the term implies the judge applied a different standard for residual functional capacity, rather than simple functional capacity." *Id.* Plaintiff therefore infers that the ALJ held him "to an unknown standard not found in law." *Id.* at 7. To the

contrary, the ALJ did define what he meant by "hybrid residual functional capacity." *See* Tr. 24 ("[C]laimant has the hybrid residual functional capacity to perform a sedentary to light level of work . . . except the claimant cannot perform a 'full range' of work at either exertional level."). Because the ALJ found that Plaintiff can perform some of the requirements of both light and sedentary work, but that, due to his impairment-related limitations, he cannot perform the full range of either functional level, the ALJ consulted with a VE to determine whether there are jobs existing in significant numbers in the national economy that Plaintiff can perform. This comports with Social Security law and the Guidelines discussed previously in this Opinion. The ALJ plainly did not hold Plaintiff to "an unknown standard not found in law."

Plaintiff has failed to show any reversible error with respect to the ALJ's findings about Listing 4.04B or the ALJ's findings respecting Plaintiff's "hybrid" RFC.

**B.      The ALJ's decision is supported by substantial evidence.**

Citing only to the testimony of Plaintiff's former employer (and family member) and the VE's answer to a discarded hypothetical posed by the ALJ, Plaintiff argues as follows: "Clearly, based upon the medical and vocational testimony, there is not work available for Mr. Rhodes in the national or regional economy. He would simply require too many concessions due to his health. As such, the administrative law judge's findings are not supported by substantial evidence." Doc. 13 at 8.

Plaintiff's former employer, the proprietor of a "lighting company," indeed testified that Plaintiff worked for him until his performance suffered due to his impairments and he

was required to let him go. Tr. 64-68. Presumably, Plaintiff posits this as "vocational" rather than "medical" testimony, but, in any event, the ALJ considered it consistent with Social Security rules and, ultimately, afforded it only some weight because "it is inconsistent with the claimant's presentation upon routine examinations." Tr. 30. Likewise, the ALJ posed numerous hypotheticals to the VE, including the one that Plaintiff references. *See* Tr. 59-63. However, the ALJ plainly did not find the limitations described in that hypothetical consistent with Plaintiff's RFC. Thus, it is immaterial that the VE indicated that a hypothetical individual with the limitations described in the ALJ's third hypothetical could not perform the requirements of any substantially gainful activity.

Despite alluding to "medical" testimony tending to conflict with the ALJ's RFC, Plaintiff cites to none in his brief. The "vocational" testimony cited by Plaintiff is either insufficient to show that the ALJ's RFC indeed lacks substantial evidence or, apparently, is misunderstood by Plaintiff. Plaintiff cites to nothing else in the record tending to show that the ALJ's decision lacks substantial evidence. Indeed, the opinion is supported by substantial evidence. *See* Tr. 24-30 (thoroughly reviewing claimant testimony and submissions and the full medical record). Plaintiff's argument that the ALJ's decision is not supported by substantial evidence is therefore without merit.

## VI. CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 8th day of February, 2018.

                                          /s/ Wallace Capel, Jr.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE